IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FREE AND SOVEREIGN STATE OF CHIHUAHUA, <br><br> Plaintiff, <br><br> v. <br><br> CESAR HORACIO DUARTE JAQUEZ, <br> BERTHA OLGA GOMEZ FONG, <br> OLGA SOFIA DUARTE GOMEZ, <br> OLGA DUARTE JAQUEZ, <br> CESAR ADRIAN DUARTE, <br> CAD CONSTRUCTION, INC., <br> GABRIELA ARMENDARIZ CHAPARRO, <br> MANUEL ALBERTO GARZA, <br> 44 FOUNTAIN RD., LLC, and <br> 110 S. FESTIVAL, LLC, <br>     Defendants. | §§§§§§§§§§§§§§§§§§ <br><br><br><br><br><br> Civil Action No. 3:20-cv-00086 |

**NOTICE OF REMOVAL**

Defendants Cesar Horacio Duarte-Jaquez ("Mr. Duarte"), Bertha Olga Gomez-Fong ("Ms. Gomez"), Olga Sofia Duarte-Gomez ("Ms. Duarte-Gomez"), Olga Duarte-Jaquez ("Ms. Duarte-Jacquez"), Cesar Adrian Duarte-Gomez ("Mr. Duarte-Gomez"), CAD Construction, Inc. ("CAD") and Gabriela Armendariz-Chaparro ("Ms. Armendariz") (collectively, "Removing Defendants"), through their counsel, respectfully remove this action pursuant to 28 U.S.C. §1331, §1441, and §1446 from the 448th Judicial District Court, El Paso County, Texas to the U.S. District Court for the Western District of Texas, El Paso Division. The grounds for removal are as follows:

**PROCEDURAL BACKGROUND**

1.      On February 19, 2020, the Free and Sovereign State of Chihuahua ("Chihuahua" or "Plaintiff") filed a petition in the District Court of El Paso County, Texas, which was assigned No. 2020-DCV-0628 ("Petition"). The Petition alleges that Mr. Duarte violated Mexican government

procurement laws while he was the governor of Chihuahua from 2010 to 2016. Pet. at 1-2. In particular, the Petition alleges that Mr. Duarte ordered the Chihuahua government to enter into several contracts with contractors that diverted the government's payments to Mr. Duarte. *Id.* The Petition purports to plead six state law causes of action arising out of Mr. Duarte's tenure as governor of Chihuahua: conversion, Theft Liability Act, constructive trust, civil conspiracy, joint and several liability, and Texas Penal Code 31.03(e)(7) (theft). *Id.* at 5–7.

2. The Petition also names several other entities and individuals as defendants—mainly, members of Mr. Duarte's family and one of their companies: Ms. Gomez, his spouse; Ms. Duarte-Gomez, one of his two daughters; Mr. Duarte-Gomez, his son; Ms. Duarte-Jaquez, his sister; Ms. Armendariz, his sister-in-law; and CAD, a company that belongs to Ms. Duarte-Jaquez and Mr. Duarte-Jaquez, his daughter and son. *Id.* at 2-4.

3. Notably, the Petition contains no allegation whatsoever that Mr. Duarte's family had any involvement of any kind in the conduct that Chihuahua alleges against Mr. Duarte. At the appropriate time, Mr. Duarte and his family will pursue all available legal relief, including sanctions, for Chihuahua's improper and baseless addition of Mr. Duarte's family to the Petition.

4. Similarly, Chihuahua also names as purported "In Rem Parties," several pieces of real property allegedly purchased with funds "stolen from Chihuahua." *Id.* at 2, 4. The Petition provides no substantiating allegations, however, let alone any details, indicating that the properties were purchased with Chihuahua's funds. *Id*.

5. On March 30, 2020, Mr. Duarte and Ms. Gomez filed their Special Appearance to Object to Jurisdiction in state court. Removing Defendants then timely filed their Original Answer Subject to Special Appearance in state court denying Chihuahua's allegations.

6.      This notice of removal is without prejudice to, or waiver of, and preserves all defenses, challenges, objections, and rights, including as to lack of personal jurisdiction, improper venue, inconvenient forum, and improper service.

### CONSENT TO REMOVAL

7.      Chihuahua purports that it served Ms. Armendariz on March 5, 2020, Ms. Duarte-Jaquez and Ms. Duarte-Gomez on March 12, 2020, and Ms. Gomez on March 20, 2020. St. Ct. Dkt.[1] (App. 038-039; App. 036-037; App 042-043) These defendants are part of Removing Defendants. Accordingly, all defendants who have been properly joined and served have consented to removal, and this removal is timely and properly filed within 30 days of service of the Petition.

8.      As of the date of this filing, Chihuahua has not purported to serve the following defendants: Mr. Duarte, Mr. Duarte-Gomez, CAD, Manuel Alberto Garza, 44 Fountain Rd., LLC and 110 S. Festival, LLC. *Id.* Thus, the consent or joinder of these defendants is not necessary. *See* 28 U.S.C. §1446(b)(2)(A) (requiring consent or joinder of all defendants who have been "*properly* joined and served") (emph. added).[2]

9.      Further, the Petition contains no factual allegations about the conduct of any defendant other than Mr. Duarte. Indeed, on the face of the Petition, none of these defendants have any connection of any kind to Mr. Duarte's alleged conduct, and the Petition completely fails to state any claim against Mr. Duarte's co-defendants. As such, Chihuahua improperly added

---

[1]     Citations to St. Ct. Dkt. refer to the docket in the 448th Judicial District Court, El Paso County, Texas, No. 2020-DCV-0628.

[2]     Even though their consent is unnecessary, Mr. Duarte, Mr. Duarte-Gomez, and CAD consent to removal. They consent to removal without waiving and expressly preserving any challenges, objections, defenses, or rights, including as to service. As a result, all Removing Defendants consent to and join in this removal. Removing Defendants have been unable to locate or contact the three other unserved defendants: Manuel Alberto Garza, 44 Fountain Rd., LLC and 110 S. Festival, LLC.

Mr. Duarte's co-defendants to the Petition. Accordingly, even if Chihuahua already had served these defendants, their consent is not necessary because Chihuahua fraudulently joined them. "In cases involving alleged improper or fraudulent joinder of parties . . . [the] application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (finding removal notice was proper despite the lack of consent from all co-defendants or explanation as to why there was no consent). *See also Watson v. Law Enf't All. of Am., Inc.*, 386 F. Supp. 2d 874 (W.D. Tex. 2005) (finding fraudulent joinder and dismissing individual where the complaint contained no allegations of intent or knowledge against the individual supporting a claim for civil conspiracy); *Dripping Wet Water, Inc. v. Halox Techs., Inc.*, 2004 U.S. Dist. LEXIS 18532 (W.D. Tex. Mar. 22, 2004) (finding corporation was fraudulently joined where amended complaint referenced corporation but made no specific allegations against it).

**FEDERAL QUESTION JURISDICTION**

10. Removing Defendants remove this case on the basis of federal question jurisdiction. *See* 28 U.S.C. §1331, §1441 (providing for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* §1331. Even where a plaintiff pleads claims under state law, federal courts have original jurisdiction over those claims when they involve federal law issues. It is a "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons*

*Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *See also Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 543 (5th Cir. 1997) (finding federal question jurisdiction even though the plaintiff pleaded state-law negligence, intentional tort, and nuisance claims; the suit "raise[d] substantial questions of federal common law by implicating important foreign policy concerns" as to U.S.-Peruvian relations).

11.     The Petition raises substantial federal questions on its face, including the act of state doctrine, foreign official immunity doctrine, and federal common law of foreign relations. These are federal common law doctrines that should be decided in a federal court. "For purposes of determining whether a case is one 'arising under the . . . laws . . . of the United States,' the word 'laws' in 28 U.S.C. §1331 includes the federal common law." *Grynberg Prod. Corp. v. British Gas, P.L.C.*, 817 F. Supp. 1338, 1355 (E.D. Tex. 1993) (cite omitted). Accordingly, federal courts have federal question jurisdiction over this case.

12.     ***Act of State Doctrine***. Courts must apply the act of state doctrine when a complaint turns on the validity of the actions of a foreign sovereign. *See Callejo v. Bancomer, S.A.*, 764 F.2d 1101, 1112–24 (5th Cir. 1985) (applying the act of state doctrine in a dispute involving the validity of México's exchange control regulations). And where, as here, a court cannot adjudicate a claim without passing on the validity of a foreign sovereign act, the act of state doctrine mandates dismissal. *See id.* The act of state doctrine is an "intrinsically federal" question that "must be determined" according to federal common law. *See Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 427 (1964) (superseded by statute on other grounds).

13.     Here, Chihuahua's claims call into question the validity of public actions that Mr. Duarte's administration allegedly took in Chihuahua, namely, the lawfulness of the contracts that Chihuahua awarded during Mr. Duarte's tenure as governor. Pet. at 1-2. Although the Petition

contains no factual detail, it cites, as an example of improper government conduct, the purchase by Mr. Duarte's administration of allegedly overpriced cancer medicines, which the government then distributed to patients in Chihuahua. *Id.* at 2.

14. Put plainly, Chihuahua's claims arise out of conduct that occurred in a foreign state pursuant to the exercise of foreign authority. As such, the claims necessarily implicate the act of state doctrine. Accordingly, federal courts have original jurisdiction to decide this case. *See Callejo*, 764 F.2d at 1105 (affirming district court's exercise of federal question jurisdiction and dismissal of case after finding that courts are "barred under the act of state doctrine from inquiring into the validity of acts of foreign states performed in their own territory—including the validity of Mexico's exchange control regulations").

15. ***Foreign Official Immunity***. Chihuahua's claims necessarily implicate the foreign official immunity doctrine. Pet. at 1-2. Courts must apply the foreign official immunity doctrine when the claims in the complaint arise from acts taken by foreign officials in their official capacity. *See Samantar v. Yousuf*, 560 U.S. 305, 325 (2010) (finding that suit against former Somali official for acts taken while he exercised command and control over Somali military forces was governed by the doctrine of foreign official immunity). And where, as here, a court cannot adjudicate a claim without passing on official actions of a foreign official, the foreign official immunity doctrine mandates dismissal. *Id.* Foreign official immunity is a federal common law doctrine. *Id.*

16. Because Chihuahua's claims arise from official acts allegedly taken by Mr. Duarte, as its then governor, the claims necessarily require a federal court to adjudicate the federal question of Mr. Duarte's entitlement to foreign official immunity.

17. ***Federal Common Law of Foreign Relations***. Finally, the Petition implicates the federal common law of foreign relations. The federal common law of foreign relations applies to

claims that "require[] the determination of some issue of international law of foreign relations, such as . . . the interpretation of foreign laws or regulations." *Union De Pasteurizadores De Juarez Sociedad Anonima De Capital Variable v. Fuentes*, 2016 U.S. Dist. LEXIS 80986, at *19 (W.D. Tex. June 21, 2016) (cite omitted).

18. Chihuahua's claims implicate the federal common law of foreign relations because they involve a sovereign foreign state suing its former governor for conduct occurring within its own borders pursuant to the exercise of official authority. Thus, an action "brought by a foreign government against its former head of state," which was pleaded as a state law claim for conversion, "arises under federal common law because of the necessary implications of such an action for United States foreign relations." *Republic of Philippines v. Marcos*, 806 F.2d 344 (2d Cir. 1986). Because such claims "raise substantial questions of federal common law by implicating important foreign policy concerns," they are properly removed to federal court. *Torres*, 113 F.3d at 543 (finding federal question jurisdiction over claims that implicated important foreign policy concerns regarding U.S.-Peruvian relations, even though the complaint alleged state law causes of action of negligence, intentional tort, and nuisance); *Grynberg*, 817 F. Supp. at 1356-59, 1364-65 (finding federal jurisdiction based on the federal common law of foreign relations where the case involved contracts and negotiations in which the foreign sovereign participated).

19. In sum, Chihuahua's claims necessarily require adjudication of substantial federal questions under the act of state doctrine, foreign official immunity doctrine, and federal common law of foreign relations. *See Torres*, 113 F.3d at 543. Removal of these claims does not "disturb the balance between state and federal judicial responsibilities," *Grable*, 545 U.S. at 314, because control over foreign affairs is uniquely reserved to the federal government, *see Sabbatino*, 376 U.S. at 416, 427 (discussing the constitutional "concern for uniformity in this country's dealings

with foreign nations and . . . desire to give matters of international significance to the jurisdiction of federal institutions"). Accordingly, a federal court should adjudicate Chihuahua's claims.

## SUPPLEMENTAL JURISDICTION

20. This Court may exercise supplemental jurisdiction over all of Plaintiff's claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367.

21. Here, Plaintiff pleads only state law causes of action which all arise from the same facts. The Court has original jurisdiction over the claims because, as described above, they implicate significant questions of federal law under the act of state doctrine, foreign official immunity doctrine, and federal common law of foreign relations.

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

22. Venue of this removed action is proper in this Court as the district and division embracing the place where the state action is pending, El Paso County. *See* 28 U.S.C. §1441(a).

23. Pursuant to 28 U.S.C. §1446(d), Removing Defendants will give Chihuahua notice of the filing of this Notice of Removal by promptly filing a copy of this Notice of Removal with the clerk of the District Court of the 448th Judicial District, El Paso County, Texas where the action is currently pending.

24. Copies of all process, pleadings, and orders served on Removing Defendants in the state court action are being filed with this Notice of Removal, as required by 28 U.S.C. §1446(a), as Exhibit A.

Case 3:20-cv-00086   Document 1   Filed 03/30/20   Page 9 of 9

## CONCLUSION AND PRAYER

For these reasons, Removing Defendants respectfully request that this action proceed in this Court upon removal and the Court grant defendants all other relief to which they are entitled.

Dated: March 30, 2020

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
Federal I.D. No. 3639
Bryce L. Callahan
State Bar No. 24055248
Federal I.D. No. 680539
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8003 (Fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was served via the Court's e-filing service and by email on all counsel of record, on the 30th day of March 2020.

*/s/ Bryce L. Callahan*
Bryce L. Callahan